UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY D. JONES,

     Plaintiff,                                Case No. 22-cv-11972
                                                 Hon. Matthew F. Leitman

v.

DEPARTMENT OF
VETERAN AFFAIRS,

     Defendant.

_____/

**ORDER (1) DENYING PLAINTIFF'S MOTIONS FOR RECUSAL (ECF Nos. 46, 47) AND (2) CONSTRUING PORTIONS OF MOTIONS AS OBJECTIONS TO REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

In this action, Plaintiff Ricky D. Jones brought claims under Title VII of the Civil Rights Act of 1964 against his former employer, the Department of Veteran Affairs (the "VA"). (*See* Compl., ECF No. 1.)

On September 11, 2023, the VA moved for summary judgment. (*See* Mot., ECF No. 33.)  The motion was referred to the assigned Magistrate Judge, and on July 9, 2024, the Magistrate Judge issued a report and recommendation in which he recommended that the Court grant the motion (the "R&R"). (*See* R&R, ECF No. 43.)  In a detailed, twenty-three page R&R, the Magistrate Judge explained that "liberally construed, the gravamen of Jones' complaint [was] that he was wrongfully terminated in retaliation" for filing complaints with the Equal Employment

1

Opportunity Commission (the "EEOC") regarding sex discrimination that he says he experienced in his workplace "and that the [Merit Systems Protection Board (the "MSPB")] failed to properly review his appeal of the termination decision." (*Id.*, PageID.1358.)  The Magistrate Judge then "address[ed] both claims, in turn," and explained why the VA was entitled to summary judgment on each claim. (*Id.*)  With respect to Jones' retaliation claim, the Magistrate Judge explained that Jones had not established a "causal connection" between his complaints to the EEOC and his firing. (*Id.*, PageID.1359.)  The Magistrate Judge further concluded that even if Jones had been able to establish such a causal connection, he could not show that the VA's reasons for firing him were a pretext for unlawful discrimination. (*See id.*, PageID.1362-1364.)  Finally, the Magistrate Judge determined that the Jones could not succeed on his claim arising out of the MSPB's decision because (1) he "failed to establish that the MSPB's decision was not supported by substantial evidence," (2) he failed to show that "the decision was an abuse of discretion," and (3) his "procedural challenges […] lack[ed] merit." (*Id.*, PageID.1366 and n. 13.)

At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of his recommendation, they needed to file specific objections with the Court within fourteen days.  (*See id.*, PageID.1366-1367.)  Jones did not file any objections to the R&R within that time, nor did he contact the Court to ask for additional time to file objections.  Accordingly, on July 31, 2024, the Court

adopted the recommended disposition of the R&R and granted the VA's motion for summary judgment. (*See* Order, ECF No. 44; Judgment, ECF No. 45.)

Shortly after the Court's entry of that order, the Court received a motion from Jones titled "Motion for Recusal, Response to Report and Recommendation to Grant Defendant's Motion for Summary Judgment." (*See* Mot., ECF No. 46.) Jones filed a second, lengthier version of that motion on August 23, 2024. (*See* Mot., ECF No. 47.) Because it appears that Jones attempted to send his motion to the Court before the time for filing objections to the R&R expired, the Court will consider the arguments made in both motions. In the motions, Jones argues that the Magistrate Judge has "created an appearance of bias" and "did not pay close attention to the case." (Mot., ECF No. 47, PageID.1377.) Jones therefore seeks the Magistrate Judge's recusal. (*See id.*) Second, Jones raises objections to the conclusions reached in the R&R. (*See id.*)

The Court begins with Jones' request for recusal of the Magistrate Judge. That claim is baseless. While Jones claims that the Magistrate Judge "did not pay close attention to the case," the evidence is to the contrary. Indeed, the Magistrate Judge carefully and thoroughly addressed the claims in this case – and Jones' counterarguments – in a twenty-three page R&R that explained, in detail, why Jones' claims lacked merit. Jones may not agree with the Magistrate Judge's proposed resolution of his claims, but there is simply no evidence that the Magistrate Judge

3

failed to impartially consider the parties' arguments and reach an objective conclusion based on the record before him.  Thus, to the extent that Jones' motions seek recusal of the Magistrate Judge, the motions are **DENIED**.

The Court construes the remainder of Jones' motions as objections to the R&R and **OVERRULES** them.  Jones' objections either are factually inaccurate or fail to address the legal reasoning in the R&R.  For example, Jones insists that the Magistrate Judge erred when he recommended granting the VA's motion because "[t]he VA moved for summary judgment [after] the time [for filing that motion] had expired." (*Id.*)  But Jones is wrong.  On July 14, 2023, the Magistrate Judge set a September 11, 2023, deadline for summary judgment motions, and the VA filed its motion on September 11, 2023. (*See* Order, ECF No. 32; Mot., ECF No. 33.)  Thus, the VA's motion was timely filed.

Jones also argues that the VA "violated its own policy therefore making any investigation void." (*Id.*)  But this is the same argument that Jones previously made to the Magistrate Judge (*see*, *e.g.*, Jones' Resp., ECF No. 40), and "[a]n 'objection' that does nothing more than … simply summarize[] what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).  Finally, Jones' remaining objections do not specifically address the legal reasoning or basis for the Magistrate Judge's recommendations.  Those objections therefore are insufficient as a matter of law.

4

*See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed"); *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not specifically address the Magistrate Judge's reasoning).[1]

For all of the reasons explained above, to the extent that Jones' motions seek recusal of the Magistrate Judge, the motions are **DENIED**.  To the extent that the motions object to the recommendations in the R&R, the objections are **OVERRULED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 14, 2024

---

[1] *See also Diamond v. Riverbend Apts.*, 2023 WL 5385347, at *2 (E.D. Mich. 2023) (concluding that objections submitted by *pro se* plaintiff were legally deficient because they did not identify a specific concern with a Magistrate Judge's report and recommendation).

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126